## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,                 :
                                                    :
        Plaintiff,                                  :
                                                    :  11-CV-1321 (WHP)
              v.                                    :
                                                    :
ADVANCED OPTICS ELECTRONICS, INC.;                  :
LESLIE S. ROBINS; JASON CLAFFEY;                    :
and JDC SWAN, INC.,                                 :
                                                    :
              Defendants.                           :
-----------------------------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/19/11

### FINAL JUDGMENT AND PERMANENT
### INJUNCTION AGAINST JASON CLAFFEY

This action was commenced on February 25, 2011, with the filing of a Summons and

Complaint, copies of which were served on Jason Claffey ("Defendant").  Defendant has not

filed an answer or otherwise moved with respect to the Complaint.  A default having been

entered against Defendant, WHEREFORE, it is hereby

I.

ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents,

servants, employees, attorneys, and all persons in active concert or participation with them who

receive actual notice of this Final Judgment by personal service or otherwise are permanently

restrained and enjoined from violating Section 5 of the Securities Act of 1933 (the "Securities

Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

     (a)     Unless a registration statement is in effect as to a security, making use of any

              means or instruments of transportation or communication in interstate commerce

or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Securities Exchange Act of 1934 (the "Exchange Act") [17 C.F.R. 240.3a51-1].

2

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable

for disgorgement of $554,551, plus prejudgment interest thereon in the amount of $752,564.

Defendant shall satisfy this obligation by paying $1,307,115 within ten (10) business days of the

date of entry of this Final Judgment by certified check, bank cashier's check, or United States

postal money order payable to the Securities Exchange Commission.  The payment shall be

delivered or mailed ot the Office of Financial Management, Securities and Exchange

Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia

22312, and shall be accompanied by a letter identifying Claffey as a defendant in this action;

setting forth the title and civil action number of this action and the name of this Court; and

specifying that payment is made pursuant to this Final Judgment.  Defendant shall pay post-

judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission

shall remit the funds paid pursuant to this paragraph to the United States Treasury.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a

civil penalty under Section 21(d)(3) of the Exchange Act [15 U.S.C. § 77u] in the amount of
(two hundred thousand)
$ 200,000. Defendant shall satisfy this obligation by paying the above amount to the Securities

and Exchange Commission, in the manner described in paragraph III above, within ten (10)

business days of the date of entry of this Final Judgment.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

3

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: Dec 19, 2011

_____
UNITED STATES DISTRICT JUDGE